# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **CHIQUITA LAFAYE CAMPBELL,** | § | |
| **Plaintiff,** | § § § | |
| v. | § § | Civil Action No. 3:15-CV-3913-N-BH |
| **NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,** | § § § § § | |
| **Defendant.** | § | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this case was automatically referred for issuance of findings, conclusions, and recommendation. Before the Court for recommendation is *Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act and Memorandum in Support Thereof*, filed June 19, 2017 (doc. 27). Based on the relevant findings, evidence, and applicable law, the application should be **GRANTED**.

## I. BACKGROUND

On December 9, 2015, Chiquita Lafaye Campbell (Plaintiff) filed a complaint seeking judicial review of a final decision by the Acting Commissioner of Social Security (Commissioner) that denied her claim for disability insurance benefits under Title II of the Social Security Act. (doc. 1.) On March 23, 2017, the Commissioner's decision was reversed, and the case was remanded for further proceedings. (docs. 22, 23, 24.)[1] Plaintiff subsequently moved for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). (doc. 27.) The Commissioner does not object to the hourly rate but objects to the number of hours claimed. (doc.

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

30.) The application is now ripe for determination.

## II. ANALYSIS

Under the EAJA, a court must award attorney's fees and expenses if (1) the claimant is the "prevailing party";[2] (2) the Government's position was not "substantially justified"; and (3) there are no special circumstances that make an award unjust. *Murkeldove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (citing 28 U.S.C. § 2412(d)(1)(A)). The attorney's fees awarded under the EAJA must be reasonable, however. *See* 28 U.S.C. § 2412(b). "Because EAJA is a partial waiver of sovereign immunity, it must be strictly construed in the government's favor." *Tex. Food Indus. Ass'n v. USDA*, 81 F.3d 578, 580 (5th Cir. 1996) (citation omitted). "In determining the reasonableness of such fees, [the Fifth Circuit] has adopted the 12–factor 'lodestar' test enunciated in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974)."[3] It is, however, "not necessary for a district court to examine each of the factors independently if it is apparent that the court has arrived at a just compensation based upon appropriate standards. *Sanders v. Barnhart*, No. 04-10600, 2005

---

[2] To be the "prevailing party" for purposes of the EAJA, a social security claimant must obtain a "sentence four" judgment reversing denial of disability benefits and requiring further proceedings before the agency. *Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993); *Goin v. Colvin*, No. 3:12-CV-2471-B, 2013 WL 1797862, at *2 (N.D. Tex. Apr. 29, 2013).

[3] The "lodestar fee" is the product of "the number of hours reasonably expended on the litigation" multiplied "by a reasonable hourly rate." *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 615-16 (N.D. Tex. 2000). "The court must then determine whether the lodestar amount should be adjusted upward or downward" using the *Johnson* factors. *Id.* These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the claimant's attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the claimant or the circumstances; (8) the amount of recovery involved and the results obtained; (9) counsel's experience, reputation, and ability; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the claimant; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. "[M]any of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (citation omitted). Accordingly, a court need not examine each factor "if it is apparent that the court has arrived at a just compensation based upon appropriate standards." *Sanders*, 2005 WL 2285403, at *2 (citation omitted).

WL 2285403, at *2 (5th Cir. Sept. 19, 2005) (per curiam). The claimant has the burden of demonstrating that the hours claimed were reasonably expended on the prevailing claim. *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990).

Here, as the prevailing party, Plaintiff has requested a total of $13,659.96 in attorney's fees based on 65.3 hours of attorney work for litigating this appeal in federal court and 6.5 hours of attorney work for defending the EAJA application.[4] (docs. 27, 31.) Counsel has submitted itemized billing statements detailing the time that was devoted to the case. (docs. 27-2 at 1-5; 31-1 at 1.) The Commissioner does not dispute Plaintiff's entitlement to attorney's fees or the hourly rates requested,[5] but she objects to the number of hours. (doc. 30 at 1-4.) She also contends that Plaintiff's costs should be separately itemized and that the award should be made payable directly to Plaintiff, not her counsel. (*Id*. at 5-6.)

A. **Attorney Hours**

Contemporaneous billing records are acceptable documentation for determination of reasonable hours. *See Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990). Here, Plaintiff has submitted detailed time entries from November 16, 2015 through June 14, 2017. (doc. 27-2 at 1-5.) The billing statements reflect, after a voluntary reduction of more than 20% "in the exercise of his billing judgment," 65.3 hours at a rate of $190.25. (docs 27 at 2, 27-2 at 5.)

---

[4] Under the EAJA, fees incurred in litigating a fee application are compensable. *Sandoval*, 86 F. Supp. 2d at 616 (citing *Powell v. Commissioner*, 891 F.2d 1167, 1170–71 (5th Cir. 1990) (awarding plaintiff 28.25 hours for attorney services rendered litigating his EAJA claim); *see also Dounley v. Astrue*, No. 3-08-CV-1388-O-BH, 2010 WL 637797, at *3 n.1 (N.D. Tex. Feb. 23, 2010) (awarding plaintiff 5.5 hours of attorney work for defending the fee application against Commissioner's objections).

[5] Attorney's fees under the EAJA are subject to a statutory maximum rate of $125 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). However, a court may calculate fees using a higher rate based on an increase in the cost of living or other "special factors." *Id*. Here, Plaintiff argues, and the Commissioner does not dispute, that a billing rate of $190.25 per hour is appropriate based on a cost-of-living adjustment. (docs. 27 at 2, 30 at 1.)

The Commissioner claims that 65.3 hours for litigating Plaintiff's case in federal court is unreasonable and requests a reduction to 38.3 hours.[6] (doc. 30 at 5-6.)

1.  *Work Performed on Plaintiff's Brief*

The Commissioner first argues that the total number of hours worked on Plaintiff's Brief, specifically the time entries from March 28, March 30, March 31, April 2, April 6, April 9, April 11, and April 13, 2016, are unreasonable because "Plaintiff's counsel has organized such time entries by date rather than by task performed" making it "impossible to determine whether the amount of time spent on any specific task [was] reasonable." (doc. 30 at 3-4.) She further argues generally that the number of hours are unreasonable because Plaintiff's counsel is an "experienced and able" lawyer and Plaintiff's brief "does not include any novel legal arguments." (*Id*.) She asks that the submitted 43 hours be reduced by 21 hours, which is a near 50% reduction. (*Id*.)

The time records submitted by Plaintiff's counsel's are organized by time spent per day with multiple activities in a single time entry instead of being organized by the amount of time devoted to each discrete legal service rendered. (*See* doc. 27-2 at 2-4.) For example, the time entry on March 28, 2016, states that Plaintiff's counsel rendered 8 different legal services over a period of 7 hours.[7]

---

[6] Following the Commissioner's objection, Plaintiff increased the request by an additional 6.5 hours to defend the application. (*See* doc. 31.)

[7] These 8 services are identified as: (1) Close study of ALJ's decision and Appeal Council's decision; (2) Plan Plaintiff's brief and prepare detailed outline of arguments; (3) Write section of Plaintiff's Brief explaining standard of review, *Chenery* principles, and harmful error review; (4) Write the statement of the case; (5) Write non-medical portions of the statement of facts, including sections on Plaintiff's age, education, and work history; (6) Read medical records and write section of Plaintiff's Brief describing her mental health history; (7) Begin work on section of the medical history section describing her physical maladies; and (8) Begin work on section of May-Thurner Syndrome and disability implication of that diagnosis. (doc. 27-2 at 2.)

While this does constitute "block billing,"[8] a "reduction for block billing is not automatic." *See Fralick v. Plumbers & Pipefitters Nat. Pension Fund*, No. 3:09-CV-0752-D, 2011 WL 487754, at *5 (N.D. Tex. Feb. 11, 2011). The Fifth Circuit has noted that "lumped time entries" and "even a failure to provide contemporaneous billing statements [do] not preclude an award of fees *per se*, as long as the evidence produced is adequate to determine reasonable hours." *Hollowell v. Orleans Reg'l Hosp. LLC*, 217 F.3d 379, 392 n.18 (5th Cir. 2000) (quoting *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 325 (5th Cir. 1995)).

Here, the contemporaneous billing records from March 28, March 30, March 31, April 2, April 6, April 9, April 11, and April 13, 2016 are sufficiently detailed enough to allow determination on whether the number of hours spent on Plaintiff's Brief is reasonable. (*See* doc. 27-2 at 5); *see, cf. Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 952 (5th Cir. 1984) ("the absence of detailed contemporaneous time records, except in extraordinary circumstances, will call for a substantial reduction in any award or, in egregious cases, disallowance."). For each of the 8 days objected to, the billing records are specific and detailed as to every small and distinct task that had been performed that day, including the particular arguments drafted, the specific medical issues researched, and the case law consulted. *See Beauty Mfg. Sols. Corp. v. Ashland, Inc.*, No. 3:10-CV-2638-G, 2012 WL 4341814, at *5 (N.D. Tex. Aug. 29, 2012), *adopted by* 2012 WL 4354935 (N.D. Tex. Sept. 24, 2012) (finding that the disputed block billing records sufficiently "provide[d] the date of service and brief but sufficient descriptions of the tasks accomplished"). Plaintiff has also identified the reason for the amount of attorney time spent on this appeal, namely

---

[8] Block billing refers to a practice by which attorneys describe multiple activities in a single time entry. *See C & D Production Services v. U.S. Dep't of Labor*, 376 F. App'x 392, 394 (5th Cir. 2010).

5

that this case was quite complex because she suffers from a rare medical condition known as May-Thurner Syndrome, which the ALJ overlooked. (doc. 27 at 4.) Much of Plaintiff's briefing focuses on this medical condition and cites to at least 6 outside medical texts to explain the significance of the disease. (*See* docs. 15 at 18-21, 27 at 4-5.) At 1,662 pages, the administrative record is also much longer than the record in a typical social security appeal. (*See* docs. 8, 9,10.) Based upon the billing records, Plaintiff's counsel reasonably spent 43 hours working on Plaintiff's Brief, which is consistent with the filed brief that was over 30 pages long on 6 issues (many with sub-issues) covering an extensive administrative record. (*See* doc. 15.) Because Plaintiff's counsel provided detailed billing records that identified how he spent his time on Plaintiff's Brief, the Commissioner's objection should be overruled. *See Hamblen v. Colvin*, 14 F. Supp. 3d 801, 810 (N.D. Tex. 2014) (granting attorney's fees in a social security appeal based upon similarly organized billing records).

2. *Work Performed on Plaintiff's Reply Brief*

The Commissioner also objects to the total number of hours worked on Plaintiff's Reply Brief, specifically the time entries from May 18, May 21, and May 23, 2016, as unreasonable because they also "include descriptions of numerous distinct tasks in the same entry" making it "impossible to determine whether the amount spent on a specific task was reasonable." (doc. 30 at 4-5.) She asks that the submitted 11.8 hours be reduced by 6 hours, which is over a 50% reduction. (*Id*.)

Like with the records for the worked performed on Plaintiff's Brief, the billing records from counsel's work on the Reply Brief are organized as "block billing" with each entry being a single day with numerous distinct legal services rendered. (*See* doc. 27-2 at 4-5.) As previously noted, a "reduction for block billing is not automatic" so long as Plaintiff's evidence is adequate to determine

6

reasonable hours. *See Fralick*, 2011 WL 487754, at *5 (N.D. Tex. Feb. 11, 2011).

Here, the billing records for May 18, May 21, and May 23, 2016 are sufficiently detailed enough to allow determination of whether the number of hours worked on Plaintiff's Reply Brief is reasonable. (*See* doc. 27-2 at 4-5.) In the billing records for each of these days, Plaintiff's counsel identified each discreet task accomplished that day with as much, if not more, detail as in his billing records for his work on Plaintiff's Brief. *See Beauty Mfg. Sols. Corp.*, 2012 WL 4341814, at *5. In his billing records, he identified what section of the Reply Brief was researched and drafted each day, including the specific cases identified and arguments propounded. (*See* doc. 27-2 at 4-5.) The total number of hours identified in the billing records are also consistent with the 13-page length of Plaintiff's Reply Brief that thoroughly replied to each of the Commissioner's responses on the 6 identified issues in the initial brief. (*See* doc. 21.) Based upon the detailed billing records and filed pleadings, Plaintiff's counsel reasonably spent 11.8 hours working on Plaintiff's Reply Brief, and the Commissioner's objection should be overruled. *See Hamblen,* 14 F. Supp. 3d at 810.

Because Plaintiff has identified reasonable evidence and reasons for the total number of attorney hours in this case, the number of hours should not be reduced. *See Goin v. Colvin*, No. 3:12-CV-2471-B, 2013 WL 1797862, at *6 (N.D. Tex. Apr. 28, 2013) (approving 79.2 hours of attorney work on a social security appeal).

**B.**     **Itemization of Costs**

Plaintiff additionally seeks $400.00 as reimbursable costs for the filing fee paid on this appeal. (doc. 27 at 6.) The Commissioner requests that this $400.00 be separately itemized as costs and paid from the Judgment Fund consistent with the EAJA. (doc. 30 at 5.) Plaintiff does not object to this itemization so long as "the award make[s] clear that it is the Commissioner's responsibility

to reimburse [Plaintiff] the filing fee." (doc. 31 at 6-7.)

The EAJA provides that "a judgment for costs . . . may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action." 28 U.S.C. § 2412(a)(1). Certain costs, such as filing fees, may be charged against the government of the United States, through the Office of the United States Attorney, and paid from the Judgment Fund by the Department of the Treasury. *See* 31 U.S.C. § 1304. In an appeal of an adverse social security ruling, "[w]hether the fault is that of the Administrative Law Judge, the Appeals Council, or the Commissioner's lawyers in court, the fault lies with the United States and the United States is liable for costs and fees." *Ingle v. Berryhill*, No. 14-CV-413-CJP, 2017 WL 1178086, at *1 (S.D. Ill. Mar. 30, 2017) (citing 28 U.S.C. § 2412(d)(2)(C)).

Here, Plaintiff successfully brought a civil action against the Commissioner in her official capacity, who was represented by the U.S. Attorney's Office. (*See* docs. 1, 6.) Accordingly, Plaintiff's reimbursement for costs should be paid from the Judgment Fund pursuant to 31 U.S.C. § 1304. *See, e.g.*, *Birge v. Colvin*, No. 3:12-CV-1777-G-BH, 2014 WL 103665, at *1 (N.D. Tex. Jan. 10, 2014) (ordering reimbursable filing fee costs to be paid from the Judgment Fund in an appeal of an adverse social security ruling); *Benton v. Astrue*, No. 3:12-CV-0874-D, 2013 WL 818758, at *1 (N.D. Tex. Mar. 5, 2013) (same).

**C.     Receipt of Payment**

The Commissioner argues, and Plaintiff does not appear to disagree, that the award be made payable to Plaintiff and not his counsel. (doc. 36 at 5.)

The Supreme Court has held that an award under the EAJA must be paid directly to a

claimant who is found to be the "prevailing party" in the case, rather than to his attorney. *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). Adhering to *Ratliff's* express holding, courts in the Fifth Circuit have declined to allow for payment to be made directly to counsel, even in cases where the award is not subject to any offset by the government. *See, e.g., Goin*, 2013 WL 1797862, at *6 ("[C]onclud[ing] that the [most] prudent course [was] to follow the express holding of *Ratliff* and require that EAJA fees be made payable to [the] Plaintiff and not his counsel"; acknowledging "the potential need to amend a final judgment should the government later learn within the relevant time frame that it is entitled to offset EAJA fees to pay a debt [owed] to the government"); *see also Jackson v. Astrue*, 705 F.3d 527, 531 & n.11 (5th Cir. 2013) (noting that in contrast to fees awarded under § 406(b) of the Social Security Act, "EAJA fees are paid to the claimant, who may or may not tender the award to counsel"; and that "[b]ecause the government pays EAJA fees directly to the litigant, the fees are also subject to an offset to satisfy any pre-existing debt that the litigant [may] owe[ ] to the federal government). Accordingly, the award of fees and costs in this case should be made payable directly to Plaintiff and mailed to Plaintiff's counsel.

### III.  RECOMMENDATION

Plaintiff's motion should be **GRANTED**, and Plaintiff should be awarded $13,659.96 in attorney's fees and $400.00 in costs as follows:

(1)  71.8 hours of attorney work (65.3 hours for litigating Plaintiff's appeal and 6.5 hours for defending Plaintiff's EAJA fee application) at an hourly rate of $190.25 for a total of $13,659.96; and

(2)  $400.00 reimbursable costs as filing fee expenses from the Judgment Fund.

**SO RECOMMENDED** this 1st day of September, 2017.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE